# WILLIAM LOWE, Plff.

*v.*

# C. W. NELSON and Ehrhardt D'Jorup, Dfts.

San Juan, Law, No. 996.

ON BREACH OF CONTRACT.

Complaint—Verification.

1. Under the Porto Rican Code of Civil Procedure, § 118, the verification to a complaint must state that the same is true on the knowledge of plaintiff, except what is stated on information and belief, and this he must state he believes to be true. The plaintiff's affidavit that he knows the contents and verily believes them to be true is not in compliance with the statute.

Practice—Joint and Several Defendants.

2. On a joint and several contract defendants may be joined or each sued separately, but, if it be a separate contract each defendant must be sued separately. It is not practicable to have separate issues as to different defendants tried at one time before the same jury. Where a complaint says the suit is on the several liability, the same rule will apply whether in tort or *ex contractu.*

Practice—Pleading.

3. If the allegations of the complaint are reasonably clear as to the plaintiff, allegations as to a party not joined are not necessary and will be treated as surplusage.

Opinion filed June 2, 1914.

*Mr. Willis Sweet* for plaintiff.

*Messrs. Savage & Francis* for defendants.

Lowe v. Nelson.

HAMILTON, Judge, delivered the following opinion:

The amended complaint in this suit was filed May 11, 1914, and on the 20th day of the same month a motion was filed by the defendants to strike the verification as insufficient, and a demurrer was also filed setting up several alleged defects.

1. The motion to strike alleges that the plaintiff does not state that the facts of the complaint are true of his own knowlelge, and does not state the residence, business, or age of the affiant. The affidavit being made by the plaintiff himself, the only error necessary to be considered is the question of knowledge. Section 118 of the Code of Civil Procedure of Porto Rico requires that "in all cases of verification of a pleading, the affidavit of the party must state that same is true of his own knowledge, except as to the matters which are therein stated to be on his information or belief, and as to these matters, that he believes it to be true." The affidavit annexed to the complaint is by the plaintiff, and says that "I have read the foregoing complaint and know the contents thereof, and the same is true as I verily believe." This cannot be said to be an oath that the complaint is true of the complainant's own knowledge, quite apart from the question of whether anything is stated on information or belief. The motion to strike, therefore, is well taken.

2. The first ground of demurrer is that there is what is called a misjoinder of parties defendant in that the suit is brought against two defendants when in fact the claim is separately against each defendant. The complaint itself at the end "prays judgment against the defendants not jointly, but severally, *pro rata* as their liability may appear." On the face of

### Lowe v. Nelson.

it, therefore, this is not a joint, but is a several, claim. The rule is, as to contracts, that if the claim is joint and several, all may be joined or each sued separately, but if it be several each defendant must be sued separately. Bouvier's Law Dict. s. v. Parties; Birkley v. Presgrave, 1 East, 226, 6 Revised Rep. 256. And this is not only right upon principle, but is necessary in practice. It is not practicable to have two issues tried at one time before the same jury. If the liability of the defendants is different, which is confessedly true in this case, there will be two such issues before the jury. If there may be two, there may be a thousand, which is a *reductio ad absurdum.*

Under the allegations of the complaint itself, it is unnecessary to determine whether this be a suit for damages in tort or damages for breach of contract. In either case the complaint says that the suit is on a several, and not a joint, liability, and that the recovery sought is different in the case of each defendant. The demurrer is therefore good.

3. The demurrer is not good as to the point that the damages to the Lowe corporation and to William Lowe cannot be discriminated. The allegations seem reasonably clear that Lowe suffered damage from breach of contract, even if perhaps there are unnecessary allegations as to the corporation. The latter would be surplusage, and would not be considered.

It follows, therefore, that the motion to strike should be granted, and the first ground of demurrer will be sustained.

It is so ordered.